IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

JERRY McKEE                                                                PLAINTIFF

v.                              No. 3:19-cv-22-DPM

ASA HUTCHINSON, Governor,                                       DEFENDANTS
State of Arkansas, McMILLION, Judge,
Greene County, DANIEL STIDHAM,
Honorable, BARBARA HALSEY, Judge,
Second Judicial District, ADAM BUTLER,
Prosecuting Attorney, RHONDA THOMAS,
Lieutenant, CID

ORDER

1. Motions to proceed *in forma pauperis*, № 7 & № 8, granted; previous motion, № 4, denied as moot. McKee must pay the filing fee, but over time. 28 U.S.C. § 1915(b)(1). The Court assesses an initial partial fee of $37.42. After the initial fee is collected, McKee's custodian must collect monthly payments from McKee's prison trust account each time the amount in the account exceeds $10.00. These payments will be equal to twenty percent of the preceding month's income credited to the account; and they will be collected and forwarded to the Clerk of the Court until the $350.00 filing fee is paid in full. 28 U.S.C. § 1915(b)(2). The payments forwarded on McKee's behalf must be clearly identified by case name and case number.

**2.** The Court directs the Clerk to send a copy of this order to the Administrator of the Greene County Detention Center, 1809 North Rocking Chair Road, Paragould, Arkansas 72450.

**3.** The Court must screen McKee's complaint. № 1 & № 5; 28 U.S.C. § 1915A. McKee is in custody, and state criminal charges are pending against him. He says that his cash-only bond violates the United States Constitution, Arkansas Constitutions, and Arkansas Rules of Criminal Procedure, and that his bond is excessive. № 1 & № 5. He also claims his DNA was unlawfully collected, among several other allegations about the criminal case and his defense. № 1.

The Court must abstain from proceeding with McKee's federal case because the criminal case is ongoing, Arkansas has an important interest in enforcing its criminal laws, and McKee may raise his constitutional claims during his state criminal proceedings. *Younger v. Harris*, 401 U.S. 37, 43-45 (1971); *Mounkes v. Conklin*, 922 F. Supp. 1501, 1510-13 (D. Kansas 1996). Further, there's no indication of bad faith, harassment, or any other extraordinary circumstances that would make abstention inappropriate. *Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245, 1254 (8th Cir. 2012). McKee's claims must therefore be put on hold until there's a final disposition of his pending state charges. *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007); *Yamaha Motor Corporation, U.S.A. v. Stroud*, 179 F.3d 598, 603-04 (8th Cir. 1999).

**4.** McKee also makes claims about the conditions of his confinement, like the temperature and TV-visitation not working. Those claims aren't properly joined in this case and are therefore dismissed without prejudice. FED. R. CIV. P. 20. If McKee wants to pursue these claims, then he must do so in a separate lawsuit.

\* \* \*

**5.** The Court directs the Clerk to stay and administratively terminate this case. McKee can move to reopen this case after final disposition of his state case, including any appeal. Any motion to reopen must be filed within sixty days of that final disposition. If McKee doesn't file a timely motion to reopen or a status report by 18 February 2020, then the Court will reopen the case and dismiss it without prejudice.

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

19 February 2019